*Judge Collett
delivered the opinion of the court:
This indictment is founded on section 9 of the act for the prevention of gaming, which provides, “ that if any person or persons shall suffer any game or games whatsoever to be played for gain, upon, or by means of any gaming device, or machine of any denomination or name, in his, her, or their house, booth, or arbor,, or erection of which he or they have the care or possession, the-persons so offending shall,” etc.
An indictment charging an individual with an offense against-law must so describe the offense as to show that the law has been violated. The law operates upon a given state of facts. These facts must be set out in the indictment distinctly and clearly; first, to enable the defendant to make defense, if he be unjustly accused; second, if he be convicted, to enable him to plead and prove that conviction, in bar of a second prosecution, upon account of the same transaction.
We think this indictment should have either set out the names of the parties that it charges the accused permitted to play, or, if the names were unknown, it should have been so alleged. We think it should also have specified whether the playing was for money, or other valuable things. For these deficiencies, the judgment must be reversed.